IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
JAN 07 2019
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| SARA KINNEY,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>JOHN MARK PORTERFIELD,<br><br>Defendant/Counter-Claimant. | CV 19–117–M–DWM<br><br>OPINION and<br>ORDER |

Plaintiff Sara Kinney filed this lawsuit against Defendant John Porterfield based on an alleged sexual assault in Whitefish, Montana in July 2017. (Compl., Doc. 1 at ¶¶ 6–17.) She raises claims of battery, false imprisonment, assault, negligent and intentional infliction of emotional distress, negligence, and punitive damages. (*Id.* at ¶¶ 18–47.) Porterfield counterclaims, alleging defamation and intentional infliction of emotional distress. (Doc. 4 at 8–12.) Kinney seeks judgment on the pleadings, or alternatively summary judgment, on the counterclaims. (Doc. 16.) The motion is granted in part and denied in part.

### Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Adjudication of a Rule 12(c) motion is limited to the pleadings, however, and if "matters outside

1

the pleadings are presented to and not excluded by the court," the motion must be converted into a Rule 56 motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Because the Court's decision turns, in part, on documents attached to the parties' briefs on the motion, (*see* Doc. 20-1; Doc. 21 at 13–17), conversion is appropriate. *See Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir. 1985) (finding adequate notice of conversion where the parties "submit[ted] matters outside the pleadings to the judge and invite[d] consideration of them"). Following conversion, a party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

ANALYSIS

I.  **Defamation**

Kinney argues that Porterfield's defamation claim fails because it was filed outside the applicable two-year statute of limitations. *See* Mont. Code Ann. § 27–2–204(3). Porterfield does not dispute the applicable time limitation, but argues that the filing of Kinney's complaint on July 12, 2019, tolled the deadline. *See* Mont. Code Ann. § 27–2–408. Alternatively, Porterfield argues that even if his claim related to Kinney's July and August 2017 statements is untimely, his claim is also based on a letter sent to his ex-wife in June 2019.

2

### A. July and August 2017 Statements

Porterfield alleges that "[o]n or around July/August 2017, Kinney falsely reported to the Whitefish Police Department that the sexual acts the parties engaged in on July 15 – July 16, 2017 were non-consensual, and that [he] had committed the crimes of sexual assault and rape." (Doc. 4 at 9.) He concedes that he was aware of her statements by August 9, 2017, at the latest. (Doc. 20 at ¶ 5.) Thus, for a claim based on those statements to be timely, it would have had to have been filed by August 9, 2019. *See* § 27–2–204(3). Because Porterfield's counterclaim was filed August 13, 2019, (Doc. 4), his only safe harbor is if his counterclaim relates back to the filing of Kinney's complaint. It does not.

In Montana "[a] counterclaim . . . for affirmative relief, other than a defensive claim where the defendant attempts to offset the amount a plaintiff can recover, such as by recoupment, contribution, or indemnity, must comply with the applicable statute of limitations." *State ex rel. Egeland v. City Council of Cut Bank, Mont.*, 803 P.2d 609, 613 (Mont. 1990); *see also Johnson v. Dist. VII*, 204 P.3d 714, 719 (Mont. 2009). Because Porterfield's defamation claim is one for affirmative relief, *see Appelbaum v. Ceres Land Co.*, 546 F. Supp. 17, 21 (D. Minn. 1981) ("Even though [the] affirmative claim is based on similar transactions and occurrences as [the underlying claims], it is indeed an independent claim that would have been time-barred had [it been] filed [as] a separate action."), it must

3

meet the two-year limitation for defamation, *see* § 27–2–204(3). To the extent it is based on Kinney's pre-August 13, 2017 conduct, it fails to do so.

**B.      June 2019 Letter**

Porterfield further alleges that "Kinney has falsely reported her allegations of sexual assault and rape against Porterfield to others, including causing a letter raising such allegations to be delivered to the address of Porterfield's ex-wife on or around June 21, 2019." (Doc. 4 at 9, 10.) While Kinney does not challenge this aspect of the defamation claim as untimely, she argues that the claim fails as a matter of law because the letter was not "published." Because a libel action seeks to protect a person's reputation, "the defamation must have been communicated to someone other than the person defamed." *Lewis v. Reader's Digest Ass'n, Inc.*, 512 P.2d 702, 705 (Mont. 1973). This is known as "publication." *Id.*

Montana has not directly addressed publication through private mailing. Jurisdictions that have, however, have delineated between those that send a letter "with the expectation or intention that it will be read by another person as a matter of course" versus those wherein the sender "is not reasonably chargeable with knowledge that a third person might intercept and read the libelous matter before it reached the person allegedly defamed." *Barnes v. Clayton House Motel*, 435 S.W.2d 616, 617 (Tex. App. 1968) (internal quotation marks omitted); *see also Farris v. Tvedten*, 623 S.W.2d 205, 207 (Ark. 1981); *Weidman v. Ketcham*, 15

4

N.E.2d 426, 428 (N.Y. App. 1938). Thus, the dispositive question is whether Kinney reasonably could have known that Porterfield's ex-wife, or another third party, would open and read the letter. While Porterfield indicates that he has not lived at the 160 Reservoir Road address since 2012, (Doc. 20-1 at ¶ 5), that address was one of two associated with Porterfield in 2019 on the Montana Secretary of State website, (Doc. 21 at 13). But it is unclear from the present record whether that listing included any other individuals or whether Kinney's attorneys knew it was possible someone else resided at the house. It is not enough that the letter was addressed solely to Porterfield. Because "the heart of any determination regarding defamatory libel [falls] directly within the province of the jury," *Lee v. Traxler*, 384 P.3d 82, 86 (Mont. 2016), the question of publication is one for the jury.

## II. Intentional Infliction of Emotional Distress

Kinney insists that Porterfield's counterclaim for intentional infliction of emotional distress fails because it is tied to the untimely defamation claim and is inadequately pled.

### A. Relation to Defamation Claim

Kinney first argues that the emotional distress claim is based on the same operative facts as the defamation claim and is thus bound by the shorter limitations period. *Compare* § 27–2–204(3) (two-year period for libel) *with* § 27–2–204(1) (three-year period for torts generally). A party "cannot, simply by virtue of

5

mislabeling a claim for relief, change the gravamen of the action and secure a longer period of limitation." *H & H Dev., LLC v. Ramlow*, 272 P.3d 657, 661 (Mont. 2012). In his response, Porterfield concedes that his emotional distress claim "centers around Kinney's intentional acts in making false statements that Porterfield sexually assaulted her." (Doc. 19 at 11.) His emotional distress claim therefore sounds in defamation and is subject to the shorter limitations period. It can therefore proceed only on conduct that post-dates August 13, 2017.

### B. Rule 8(a) Pleading Standard

Finally, Kinney argues that dismissal of Porterfield's emotional distress counterclaim is appropriate because he merely recites the cause of action without providing any factual support for his claim. Pursuant to Rule 8(a)(2), a pleading must contain "a short and plain statement . . . showing that the pleader is entitled to relief." While Kinney is correct that an independent cause of action for emotional distress has a high bar for recovery in Montana, *see Sacco v. High Cntry. Indep. Press, Inc.*, 896 P.2d 411, 418 (Mont. 1995), whether Porterfield can satisfy the elements of his claim "is a question of proof, not pleading," *Poeppel v. Flathead Cty.*, 982 P.2d 1007, 1010 (Mont. 1999). Porterfield has satisfied Rule 8(a).

### CONCLUSION

Based on the foregoing, IT IS ORDERED that Kinney's motion (Doc. 16) is converted into a motion for summary judgment. That motion is then GRANTED

6

as to Porterfield's claims based on Kinney's conduct prior to August 13, 2017. It is DENIED in all other respects.

DATED this 7th day of January, 2020.

_____ 09:57 A.M.
Donald W. Molloy, District Judge
United States District Court